POSNER, Gircúit Judge,
dissenting.
The plaintiff appeals from' the dismissal by the district judge of a suit in which it charged a group of related companies that for simplicity I’ll refer to just as “Krinos” with trespass, negligence, and violation of 49 U.S.C. § 10903. There was no trial.
The plaintiff is a tiny railroad in Illinois, authorized by federal railroad authorities to operate as a common carrier on a short stretch of railroad track (1.006 miles long) in Melrose Park that it acquired in 2013 but has not yet used. It also owns a siding connected to its track—a railroad siding or spur track is a short section of track used either to store some of the railroad's rolling stock or to enable a train using the main track to get out of the way of another train using that track, by switching to the siding.
The plaintiffs siding crosses land owned by Krinos, and the plaintiff argues that the construction of a sewer line by Krinos on that land buried the plaintiffs siding under' landfill material, rendering the siding unusable. Other construction activity by Krinos, according to the plaintiff, resulted in depositing landfill on the plaintiffs main track, rendering that track unusable as well. Krinos tried to remove the landfill, but according to the plaintiff ended up burying the plaintiffs siding even deeper.
49 U.S.C.. § 10903 authorizes abandonment and discontinuance of rail transportation over a railroad line only if. the line's owner obtains the permission of the STB (Surface Transportation Board), the federal agency that succeeded the venerable Interstate Commerce Commission. The plaintiff argues that by disrupting its use of its track, Krinos has caused an “unauthorized adverse abandonment” of the track in violation of section 10903. Although the district judge rejected the claim, he did so on the questionable ground that the statute does, not create a private, right of action. I don’t see the sense of that. Railroad track can’t'be abandoned without the permission of the STB, but no one is seeking that permission; Krinos is gratuitously interfering with the plaintiff’s use of its own property indeed trying to force abandonment of the proper *862 ty, which surely violates section 10903, and who is there but the plaintiff to enforce the statute in a case such as this? The STB has made clear, moreover, that an adverse-possession claim (one plausible characterization of the motive for Krinos’s trespass on the plaintiffs property) to land within a railroad’s right-of-way is preempted because the seizure of such property could interfere with possible future railroad usage. Jie Ao and Xin Zhou—Petition for Declaratory Order, 2012 WL 2047726 (STB June 6, 2012).
So instead of affirming the district court, we should reverse and remand.